UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCISCO PADILLA

Plaintiff,

v.

BROCATO'S SANDWICH SHOP, INC.,
and MICHAEL BROCATO,

Defendants.

Case No.:

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff Francisco Padilla, by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, BROCATO'S SANDWICH SHOP, INC.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff Francisco Padilla, (hereafter "Plaintiff") against his former employer, Defendants BROCATO'S SANDWICH SHOP, INC. and MICHAEL BROCATO (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and to recover unpaid wages under Florida Law.

2. During the term of Plaintiff's employment, Defendants engaged in the practice of systematically deducting 30-minute meal periods from Plaintiff's time even though Plaintiff usually worked through lunch.

3. Additionally, Defendants would perform illegal deductions from Plaintiff's paycheck and improperly distribute tips.

4. Consequently, Defendants were not fully compensating Plaintiff for all hours in excess of forty (40) hours in a workweek, as required by the FLSA, and furthermore, illegally depriving Plaintiff of his wages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claim pursuant to 28 U.S.C. § 1367 because it arises from a common nucleus of operative facts and is so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

6. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

7. Plaintiff, a resident of Hillsborough County, was a former employee of Defendants who worked at Defendant's Sandwich Shop located at 5021 East Columbus Drive, in Tampa, FL 33619.

8. Defendant BROCATO'S SANDWICH SHOP, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

9. Defendant MICHAEL BROCATO, is an individual resident of the State of Florida, who owned and operated BROCATO'S SANDWICH SHOP, INC., and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired and fired employees; d) established employee work schedules; e) controlled terms of employment; or f) had the authority to set employee wages.

## COVERAGE

10. Defendant BROCATO'S SANDWICH SHOP, INC. was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11. Defendant BROCATO'S SANDWICH SHOP, INC. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. Defendant MICHAEL BROCATO was an employer within the definition of the FLSA, 29 U.S.C. § 203.

13. Defendants engaged in commerce by purchasing cold cuts, hams, cheeses, produce, vegetables, sauces, ketchup, oil, vinegar, condiments, bread, wrapping paper, bags, silverware, plastic silverware, plastic wrap, cooking oil, cooking equipment, serving equipment, point of sales (POS) computers/equipment, software,

paper advertisements/coupons, tables, chairs, soaps, detergents, brushes and other cleaning materials, across state lines, using credit cards or credit lines with banks located across state lines, and by selling sandwiches and other foods to customers who paid for such food items using credit cards with banks located across state lines.

14. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206, at least in part, *inter alia,* by delivering food items and charging customers who paid using credit cards with banks located across state lines.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff Francisco Padilla was employed by Defendants from approximately December 13, 2013 until January 8, 2018.

19. Plaintiff held a position as a food delivery worker at the time of separation, and also worked in Defendants' kitchen as a food preparer.

20. Plaintiff's duties included food preparation and food delivery (the latter for which he was paid tips by customers, but these were essentially retained by the Defendants).

21. Plaintiff was a non-exempt employee.

22. Plaintiff's last hourly rate was $9.00 an hour.

23. Defendant charged Plaintiff thirty dollars ($30.00) every pay period for meals, without regard as to whether Plaintiff ate lunch provided by the Defendants' establishment, what Plaintiff consumed, how much, or how often.

24. Defendant would withhold a substantial amount of Plaintiff's tips. Although Defendant alleged having a tip pooling scheme, Defendant would only provide Plaintiff (and certain other employees, not all of whom were properly considered tipped employees under the FLSA and its regulations), eighty cents (80c) per day as tip, even though a much larger total pooled amount was collected, and Defendants would keep the remainder of the tips for themselves.

25. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

26. During the term of Plaintiff's employment (from December 13, 2013 until January 8, 2018), Plaintiff usually worked approximately 43 hours per week, until approximately eight or nine months prior to Plaintiff's termination of employment, that is to say, March or May of 2017.

27. Defendants were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation, and that his meal period was being deducted illegally, but did not cure the ongoing FLSA violations.

28. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

29. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

30. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31. Defendants failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

32. Plaintiffs is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and the following damages:

    a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

    b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

    c. Pre-judgment interest;

    d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

    e. Any further relief the Court deems just and appropriate.

## COUNT II
## UNPAID WAGES

34. Plaintiff re-alleges paragraphs 1 through 29 as if they were fully set out herein.

35. During the period of Plaintiff's employment, Plaintiff worked for Defendants and Defendants agreed to pay Plaintiff for his services.

36. Defendants failed and refused to compensate Plaintiff all wages owed to him by performing automatic lunch deductions for lunches that were not always taken.

37. Additionally, Defendants failed and refused to compensate Plaintiff for all wages owed to him during the time when he worked as a driver by keeping his tips, and despite allegedly pooling them, not distributing all tips (as allegedly pooled) among tipped workers, instead keeping such tips.  Additionally, and based on information and belief sufficient to make a good faith averment, such tips were improperly pooled among non-tipped employees.

WHEREFORE, Plaintiff demands: a) Judgment against Defendants for an amount equal to Plaintiff unpaid back wages; b) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Florida Statutes § 448.08; and c) For such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

38. Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 5, 2018.              Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
Cynthia@wagesdue.com

s/ Luis R. Amadeo
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff
amadeo@wagesdue.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FRANCISCO PADILLA<br><br>Plaintiff,<br><br>v.<br><br>BROCATO'S SANDWICH SHOP, INC., and MICHAEL BROCATO,<br><br>Defendants. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff Francisco Padilla, by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, BROCATO'S SANDWICH SHOP, INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff Francisco Padilla, (hereafter "Plaintiff") against his former employer, Defendants BROCATO'S SANDWICH SHOP, INC. and MICHAEL BROCATO (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and to recover unpaid wages under Florida Law.

2. During the term of Plaintiff's employment, Defendants engaged in the practice of systematically deducting 30-minute meal periods from Plaintiff's time even though Plaintiff usually worked through lunch.

3. Additionally, Defendants would perform illegal deductions from Plaintiff's paycheck and improperly distribute tips.

4. Consequently, Defendants were not fully compensating Plaintiff for all hours in excess of forty (40) hours in a workweek, as required by the FLSA, and furthermore, illegally depriving Plaintiff of his wages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claim pursuant to 28 U.S.C. § 1367 because it arises from a common nucleus of operative facts and is so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

6. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

7. Plaintiff, a resident of Hillsborough County, was a former employee of Defendants who worked at Defendant's Sandwich Shop located at 5021 East Columbus Drive, in Tampa, FL 33619.

8. Defendant BROCATO'S SANDWICH SHOP, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

9. Defendant MICHAEL BROCATO, is an individual resident of the State of Florida, who owned and operated BROCATO'S SANDWICH SHOP, INC., and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired and fired employees; d) established employee work schedules; e) controlled terms of employment; or f) had the authority to set employee wages.

## COVERAGE

10. Defendant BROCATO'S SANDWICH SHOP, INC. was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11. Defendant BROCATO'S SANDWICH SHOP, INC. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. Defendant MICHAEL BROCATO was an employer within the definition of the FLSA, 29 U.S.C. § 203.

13. Defendants engaged in commerce by purchasing cold cuts, hams, cheeses, produce, vegetables, sauces, ketchup, oil, vinegar, condiments, bread, wrapping paper, bags, silverware, plastic silverware, plastic wrap, cooking oil, cooking equipment, serving equipment, point of sales (POS) computers/equipment, software,

paper advertisements/coupons, tables, chairs, soaps, detergents, brushes and other cleaning materials, across state lines, using credit cards or credit lines with banks located across state lines, and by selling sandwiches and other foods to customers who paid for such food items using credit cards with banks located across state lines.

14. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206, at least in part, *inter alia,* by delivering food items and charging customers who paid using credit cards with banks located across state lines.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff Francisco Padilla was employed by Defendants from approximately December 13, 2013 until January 8, 2018.

19. Plaintiff held a position as a food delivery worker at the time of separation, and also worked in Defendants' kitchen as a food preparer.

20. Plaintiff's duties included food preparation and food delivery (the latter for which he was paid tips by customers, but these were essentially retained by the Defendants).

21. Plaintiff was a non-exempt employee.

22. Plaintiff's last hourly rate was $9.00 an hour.

23. Defendant charged Plaintiff thirty dollars ($30.00) every pay period for meals, without regard as to whether Plaintiff ate lunch provided by the Defendants' establishment, what Plaintiff consumed, how much, or how often.

24. Defendant would withhold a substantial amount of Plaintiff's tips. Although Defendant alleged having a tip pooling scheme, Defendant would only provide Plaintiff (and certain other employees, not all of whom were properly considered tipped employees under the FLSA and its regulations), eighty cents (80c) per day as tip, even though a much larger total pooled amount was collected, and Defendants would keep the remainder of the tips for themselves.

25. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

26. During the term of Plaintiff's employment (from December 13, 2013 until January 8, 2018), Plaintiff usually worked approximately 43 hours per week, until approximately eight or nine months prior to Plaintiff's termination of employment, that is to say, March or May of 2017.

27. Defendants were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation, and that his meal period was being deducted illegally, but did not cure the ongoing FLSA violations.

28. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

29. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

30. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31. Defendants failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

32. Plaintiffs is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and the following damages:

   a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

   b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

   c. Pre-judgment interest;

   d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

   e. Any further relief the Court deems just and appropriate.

## COUNT II
## UNPAID WAGES

34. Plaintiff re-alleges paragraphs 1 through 29 as if they were fully set out herein.

35. During the period of Plaintiff's employment, Plaintiff worked for Defendants and Defendants agreed to pay Plaintiff for his services.

36. Defendants failed and refused to compensate Plaintiff all wages owed to him by performing automatic lunch deductions for lunches that were not always taken.

37. Additionally, Defendants failed and refused to compensate Plaintiff for all wages owed to him during the time when he worked as a driver by keeping his tips, and despite allegedly pooling them, not distributing all tips (as allegedly pooled) among tipped workers, instead keeping such tips.  Additionally, and based on information and belief sufficient to make a good faith averment, such tips were improperly pooled among non-tipped employees.

WHEREFORE, Plaintiff demands: a) Judgment against Defendants for an amount equal to Plaintiff unpaid back wages; b) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Florida Statutes § 448.08; and c) For such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

38.  Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 5, 2018.                           Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
Cynthia@wagesdue.com

s/ Luis R. Amadeo
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff
amadeo@wagesdue.com