# Exhibit A

## WAGE AND HOUR SETTLEMENT AGREEMENT

THIS SETTLEMENT RELEASE AND AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Francisco Padilla on behalf of himself (including any and all former names and identities), his heirs, executors, administrators, and assigns (hereinafter referred to collectively as "Padilla" or "Plaintiff") and Brocato's Sandwhich Shop, Inc. and Michael Brocato, (which terms shall collectively include all their current or former officers, directors, stockholders, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities), (hereinafter collectively referred to as "Brocato's"). Throughout this Agreement, Padilla and Brocato's shall collectively be referred to as the "Parties" and may be referred to singularly as "Party."

**WHEREAS,** Padilla was previously employed by Brocato's;

**WHEREAS,** on February 5, 2018, Padilla filed a lawsuit against Brocato's in federal court, styled *Francisco Padilla v. Brocato's Sandwhich Shop, Inc. and Michael Brocato,* Case No.: 8:18-cv-309-T-33AEP (the "lawsuit") claiming that Brocato's violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and section 448.08, Florida Statutes;

**WHEREAS,** Brocato's denies Padilla's claims; and

**WHEREAS,** the Parties now desire to amicably and completely resolve the Padilla's claims in the lawsuit and any other claims arising under the Fair Labor Standards Act (the "FLSA"), accruing at any time up to and including the date of execution of this Agreement.

**THEREFORE,** in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Upon approval by the Court, consistent with the terms and chronology of events as set forth in the Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice, the Court's approval of this proposed Settlement Agreement and final dismissal of Plaintiff's claims, with prejudice, and in consideration for the promises of Padilla in this litigation as described below, Brocato's agrees to pay:

    a. The total sum of three thousand ($3,000.00) (the "FLSA Settlement Payment") to Padilla, half of which ($1,500) will be made payable as wages and subject to applicable withholdings and the other half ($1,500) for which an IRS Form 1099 shall be issued. The payments will be made via two checks, both of which will be made payable to Padilla but delivered to Cynthia Gonzalez of Cynthia Gonzalez, P.A. for distribution to Padilla.

    b. The total of three thousand ($3,000) (consisting of $1,785 fees & $1,215 costs) ("Litigation Costs") to Cynthia Gonzalez, of Cynthia Gonzalez, P.A., for attorney's fees and costs associated with this lawsuit. This amount of Litigation Costs was negotiated separately from the FLSA Settlement Payment in subparagraph (a). The payment of Litigation Costs will be made

payable via one check to Cynthia Gonzalez of Cynthia Gonzalez, P.A., Tax I.D. No. 47-1594383

  c. The entirety of the amount owed under this Agreement in subparagraphs (a) and (b) above will be made payable by September 1, 2018.

2. The allocation of the FLSA Settlement Payment as described in Paragraph 1(a) above has been calculated exclusively by Padilla and his counsel. Padilla agrees to indemnify and hold Brocato's harmless from any and all liability or claims arising out of the manner in which the FLSA Settlement Payment was determined to be allocated under the terms of this Agreement. The Litigation Costs in subparagraph 1(b) were negotiated separately from the FLSA Settlement Payment.

3. The Parties shall bear their own respective costs and attorney's fees in carrying out the terms and conditions of this Settlement Agreement, except as noted above with respect to the proposed amount of Litigation Costs to be paid to Plaintiff's legal counsel for court approved fees and costs.

4. The payments to be made pursuant to this Agreement shall resolve any and all claim for damages of whatever kind Padilla claims to have or may in the future claim to have against Brocato's with regard to any asserted violation or violations of the FLSA arising prior to the effective date of this Agreement.

5. Neither this Agreement, nor any documents executed or prepared, acts done, or orders entered shall be construed as an admission by Brocato's of the validity of any claims asserted in this lawsuit, or of any wrongdoing or of any act or omission, nor construed as an admission of any fault or omission in any statement or document, nor offered or received in evidence in any civil, criminal, or administrative action or proceeding against any party other than such proceedings as may be necessary to consummate or enforce this Agreement.

6. If contacted by prospective employers, Brocato's agrees to provide a neutral employment reference stating Plaintiff's position, dates of employment, and last rate of pay.

7. Padilla represents and warrants that he is authorized to enter into and has the authority to perform the terms of this Agreement. Padila represents and warrants that he has not, individually or collectively, sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the FLSA claims released hereunder.

8. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

10. Any action to enforce this Agreement shall be brought in Hillsborough County, Florida, with exclusive jurisdiction regarding any matter related to the FLSA Claims to lie with the United States District Court for the Middle District of Florida (Tampa Division) and Circuit Court for Hillsborough County, Florida, and relief shall include but not be limited to specific performance and injunctive relief. Prior to instituting any such action to enforce this Agreement, three (3) days notice ("notice period") of the alleged breach shall be given to the alleged breaching party. To be valid, such notice must be sent via email to the counsel of record for each party (Cynthia Gonzalez [cynthia@wagesdue.com] for Plaintiff; Matthew Stefany [mstefany@anblaw.com] for Defendants). The Parties agree that the notice period is a prerequisite to any enforcement action and that an action to enforce the terms of this Agreement may not be commenced until expiration of the notice period.

11. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

12. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

13. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. The Parties acknowledge that they have participated in the drafting of this Agreement and have had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

15. Plaintiff expressly acknowledges that he has been advised to consult an attorney prior to signing this Agreement and that Plaintiff has in fact consulted with and has been advised by his attorney, Cynthia Gonzalez, who has explained all of his options in connection with this Agreement.

16. This Agreement shall only be effective if approved by the Court in the above-referenced lawsuit. Should the Court not approve this Agreement, this Agreement shall be null and void and no payments set forth herein shall be required.

17. This Agreement, consisting of four (4) pages, inclusive of the signature pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Plaintiff, Fransisco Padilla, is specifically aware of and agrees with the amount of attorney's fees and costs incurred by, and to be paid to, his counsel for the work performed in this matter.

_05/31/2018_
Date

_Francisco Padilla_ (signed)
**Francisco Padilla**

_6/5/18_
Date

_Michael J. Brocato_ (signed)
**Michael Brocato**
**Brocato's Sandwhich Shop, Inc.**